UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUAN ALFREDO CRUZ GARCIA,

Petitioner,

v.

LAURA HERMOSILLO, et al.,

Respondents.

Case No. 2:26-cv-00184-TMC

TEMPORARY RESTRAINING ORDER

Petitioner is a citizen of Mexico who has resided in the United States since 2009. Dkt. 1 ¶ 58. On January 15, 2026, he was detained by Immigration and Customs Enforcement ("ICE") officers and charged with entering the United States without admission or parole. *Id.* ¶¶ 59–60. He is currently detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC"). *See* Dkt. 8 at 28.

On January 16, Petitioner filed a petition for writ of habeas corpus arguing that his arrest and detention violated his Due Process rights and the Immigration and Nationality Act. Dkt. 1 ¶¶ 69–80. On January 20, the Court issued a scheduling order requiring Respondents to provide 48 hours' notice before any attempt to transfer Petitioner out of this district or remove him from the United States. Dkt. 2 ¶ 3. On January 21, ICE filed a notice of intent "to remove Petitioner

TEMPORARY RESTRAINING ORDER - 1

from the United States in the near future," which also stated that "it may be necessary to first transfer Petitioner to another facility outside this jurisdiction in order to facilitate the removal process." Dkt. 6. On January 22, Petitioner moved for a temporary restraining order ("TRO") enjoining respondents from transferring him to another detention facility or removing him from the United States during the pendency of these proceedings. Dkt. 7. For the following reasons, the Court GRANTS the motion for a TRO.

A federal district court "may issue all writs necessary or appropriate in aid of [its] . . . jurisdiction[] and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Under this statute, a court has "the power to issue injunctive relief to prevent irreparable harm . . . and preserve [its] jurisdiction over the matter." *A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (enjoining removal and citing 28 U.S.C. § 1651(a)). A court "has the inherent authority and responsibility to protect the integrity of its proceedings which [are] undoubtedly impacted" when a habeas petitioner is transferred to a detention facility outside of the district or removed from the United States. *Ozturk v. Trump*, 779 F. Supp. 3d 462, 496 (D. Vt. 2025), *amended sub nom. Ozturk v. Hyde*, 136 F.4th 382 (2d Cir. 2025).

A party seeking a TRO "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *United States v. City of Seattle*, 474 F. Supp. 3d 1181, 1185 (W.D. Wash. 2020) ("The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction."). When a party seeks a TRO against the government, the third and fourth factors merge. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014). In the Ninth Circuit, a party may also obtain a TRO by demonstrating "'serious questions going to the merits' and a balance of hardships that tips sharply" in the party's favor, so long as the party

TEMPORARY RESTRAINING ORDER - 2

also shows "that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)); *City of Seattle*, 474 F. Supp. 3d at 1185–87 (applying the "serious questions" standard to a request for a TRO).

Here, there are serious questions going to the merits of Petitioner's argument that his detention and imminent removal are unlawful. ICE has represented to Petitioner's immigration counsel that he signed a "voluntary departure" document authorizing his removal from the United States. Dkt. 8 at 10, 13. But Petitioner attests that he signed this document following threats and coercion, including the denial of his request for an attorney, inaccurate statements that he "had no rights" and would be unable to leave immigration detention unless he signed the document, and a threat to withhold food and water if he failed to sign. *Id.* at 5–6.

A noncitizen's acceptance of voluntary departure must be knowing and voluntary. *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006) ("Petitioner's testimony . . . suggests that, due to the misrepresentations of immigration officers, petitioner did not knowingly and voluntarily accept administrative voluntary departure in lieu of being placed in deportation proceedings."); *Orantes-Hernandez v. Thornburgh*, 919 F.2d 549, 565–67 (9th Cir. 1990) (concluding that immigration agents had impeded access to counsel by denying detainees' requests to consult with counsel before signing voluntary departure forms). Petitioner has submitted sufficient evidence to raise serious questions that any document he signed authorizing his removal may be unenforceable and was obtained in violation of his Due Process rights. *See Ibarra-Flores*, 439 F.3d at 620. The balance of hardships also tips sharply in favor of Petitioner, who recently lost his wife and will leave behind four U.S. citizen children without a parent if he is removed from the United States. Dkt. 8 at 5, 21–26. Finally, there is no dispute that Petitioner faces an imminent likelihood of deportation, an obvious irreparable harm to both him and his

TEMPORARY RESTRAINING ORDER - 3

children. Dkt. 6; Dkt. 8 at 10; *see A.A.R.P. v. Trump*, 605 U.S. at 94 (describing imminent removal without due process as a "threat of severe, irreparable harm").

Therefore, to preserve its jurisdiction and because Petitioner has met the standard for a TRO, the Court ORDERS:

1.  Petitioner's motion for a temporary restraining order (Dkt. 7) is GRANTED.

2.  Respondents are ENJOINED from transferring Petitioner out of the Northwest Immigration and Customs Enforcement Processing Center or removing him from the United States.

3.  Although counsel for Respondents have received notice of this motion through the ECF filing system, there is insufficient time to allow a response before the end of the 48-hour window in which Respondents agreed not to begin removal efforts. Dkt. 6. This TRO shall therefore last only through Friday, February 6, 2026 unless extended by order of this Court. *See* Fed. R. Civ. P. 65(b)(2).

4.  The Court will hold a hearing on whether to convert this TRO to a preliminary injunction on the morning of Friday, February 6. The Court has set aside the entire morning to allow for an evidentiary hearing at either party's request. Any party who wishes to request an evidentiary hearing shall inform the courtroom deputy by email no later than Wednesday, January 28. The Court will then schedule a planning call with counsel to discuss the procedure for the hearing.

5.  Respondents may file a brief and any supporting evidence on whether to convert the TRO to a preliminary injunction no later than Friday, January 30. Petitioner may file a reply no later than Wednesday, February 4.

6.  If the parties wish to stipulate to a different briefing schedule on converting the TRO to a preliminary injunction, or instead agree to an expedited briefing schedule on the

TEMPORARY RESTRAINING ORDER - 4

underlying habeas petition in lieu of a preliminary injunction, the parties shall meet and confer and may file a stipulated motion proposing their agreed case schedule.

Dated this 23rd day of January, 2026.

Tiffany M. Cartwright
United States District Judge

TEMPORARY RESTRAINING ORDER - 5