UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUAN ALFREDO CRUZ GARCIA,

Petitioner,

v.

LAURA HERMOSILLO, et al.,

Respondents.

Case No. 2:26-cv-00184-TMC

ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS

## I.    INTRODUCTION AND BACKGROUND

Petitioner Juan Alfredo Cruz Garcia is an individual who entered the United States without inspection in 2009, was arrested by immigration officers on January 15, 2026, and is currently detained at the Northwest Immigration and Customs Enforcement Processing Center in Tacoma, Washington. Dkt. 1 ¶¶ 58–59; *see* Dkt. 10 at 3–4. On January 27, an Immigration Judge ("IJ") denied Cruz Garcia's request for bond, ruling that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Dkt. 13-2 at 2. The IJ set bond in the alternative in the amount of $3,500. *Id.*

On January 16—prior to his bond hearing—Cruz Garcia filed a petition for writ of habeas corpus, arguing that his mandatory detention under § 1225(b)(2) violated the Immigration and Nationality Act ("INA") because he is entitled to consideration for release on bond under

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

8 U.S.C. § 1226(a). Dkt. 1 ¶¶ 27–46, 69–71. On January 21, Respondent Immigration and Customs Enforcement ("ICE") filed a notice of intent to remove Cruz Garcia from the United States. Dkt. 6. The next day, Cruz Garcia moved for a temporary restraining order ("TRO") enjoining his removal, which the Court granted. Dkts. 7–9. On January 23, Federal Respondents filed a return to the habeas petition, and on January 24, Cruz Garcia filed a traverse. Dkts. 10, 11. On January 28, the parties filed a joint status report indicating that ICE no longer planned to imminently remove Cruz Garcia. Dkt. 13. The parties attached copies of Cruz Garcia's Notice to Appear and the IJ's bond order. Dkts. 13-1, 13-2.

The habeas petition is now ripe for the Court's review. For the following reasons, the Court GRANTS the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

### A.    Cruz Garcia is entitled to habeas relief under *Rodriguez Vazquez.*

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025).

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

Cruz Garcia argues that § 1225(b)(2) does not apply to him because he entered the United States without inspection, was not apprehended on arrival, and resided in the United States for years prior to his detention. Dkt. 1 ¶¶ 58–63, 69–71. While Federal Respondents express their continued disagreement with the Court's order in *Rodriguez Vazquez*, they do not dispute that Cruz Garcia is a member of the Bond Denial Class for purposes of this matter. Dkt. 10 at 2–4.

The Court incorporates the reasoning of *Rodriguez Vazquez* and finds that Cruz Garcia is subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322–36. Cruz Garcia has thus shown that his mandatory detention under § 1225(b) violates the INA, entitling him to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

**B.    Cruz Garcia must inform the Court if he wishes to continue pursuing claims for declaratory judgment.**

Though styled as a petition for writ of habeas corpus, Cruz Garcia's petition also invokes this Court's general federal question jurisdiction and the Declaratory Judgment Act. Dkt. 1 ¶¶ 13–14. In his prayer for relief, Cruz Garcia requests that the Court "issue a Writ of Habeas Corpus requiring that Respondents release Petitioner or, in the alternative, provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days." Dkt. 1 at 19. The Court has determined that Cruz Garcia is entitled to habeas relief based on his membership in the *Rodriguez Vazquez* Bond Denial Class. But his prayer for relief also seeks a declaratory judgment "that petitioner's stop and arrest without reasonable suspicion . . . violates applicable

regulations, the [Administrative Procedure Act], the INA, and the Fourth and Fifth Amendments to the Constitution of the United States." *Id.*

While Federal Respondents have argued that Cruz Garcia's claims arising from his arrest are not cognizable in habeas, *see* Dkt. 10 at 4–8, they have not addressed whether he may pursue the declaratory relief he seeks under the Court's general federal question jurisdiction. *See Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020) (holding that "action for declaratory and injunctive relief" that accompanied habeas petition "independently provided the district court jurisdiction to hear Plaintiffs' challenges and authority to grant the types of relief that Plaintiffs sought"). It is also unclear whether Cruz Garcia intends to continue pursuing these general civil claims after his release from custody. The parties are therefore directed to meet and confer to discuss whether these claims remain after Cruz Garcia's release on bond and, if they do, propose a deadline for Cruz Garcia to amend his complaint and Respondents to answer.

### IV.   CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.   The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2.   Within ONE day of this Order, Respondents must either release Petitioner Juan Alfredo Cruz Garcia or allow his release upon payment of the alternative bond amount of $3,500 and any conditions set by Immigration and Customs Enforcement/the Department of Homeland Security.

3.   The grant of habeas relief moots the temporary restraining order (Dkt. 9) and it is therefore dissolved. The Court will no longer hold a hearing on February 6, 2026.

4.   The parties are directed to meet and confer regarding whether Petitioner intends to pursue his claims for declaratory judgment following his release on bond. The parties shall file a joint status report no later than February 11, 2026.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 28th day of January, 2026.

Tiffany M. Cartwright
United States District Judge